THIS was an action of assumpsit, under the following circumstances.
The defendant being the owner of a vessel, the schooner Martha, which was libelled in Philadelphia, for a debt to plaintiff for materials, entered into an agreement with Thibault, as follows: — *Page 294 
"Terms of transfer of the schooner Martha, by Mr. Robert R. Russel, to Frederic A. Thibault: — Mr. Russel to give a bill of sale and possession of the vessel to Mr. Thibault, that the latter may put a captain and run her, and keep her until her earnings pay him the debt due him, with interest and costs. Mr. Thibault not to be responsible for loss or injury received by the vessel during the said possession of her; nor responsible for debts now due upon the vessel, c., c. The vessel being collateral security to said Thibault, and if lost or rendered of no use to him, the debt of Russel still to remain due. Thibault to keep an account of freights and profits, and credit the judgment," c. Amount of judgment $226 47.
Thibault put a captain on board the vessel and she made one trip, and was lost on the second trip. He credited the judgment with the freights and balance of sales of wreck, deducting expenses, and claimed a balance due of $144 06, with interest.
The defence rested first, that the captain could and ought to have forwarded the coal with which the vessel was loaded to New York or Boston; and the sails, tackle, c., where freight might have been secured on the former, and a better price obtained for the latter, both of which were sacrificed by a sale on the beach. Second, that the charges of salvage, c., were extravagant.
To this it was answered that when the vessel was stranded, the captain duly entered his protest before a notary public, who appointed three surveyors to survey her, at the captain's request. The surveyors reported that the cargo be taken out, the vessel stripped and abandoned; and that no expense be incurred in attempting to get her afloat. The bills paid for stripping the vessel were, therefore, necessarily incurred, and Russel was liable for them under this contract.
The Court charged with the plaintiff; that if Thibault, or his agent, acting in good faith under the report of the surveyors, stripped and sold the wreck, instead of attempting to put her afloat again, he was protected by his contract, and Russel was bound to allow the expenses. That as to the freight none could be recovered, either general or average, as the coal was never delivered to the consignee, or accepted by him at a port short of delivery. The freight was only due on the performance of the undertaking to deliver the coal at Boston.
 Verdict for plaintiff.